Heather M. Vigil, Bar No. 254694
hvigil@littler.com
LITTLER MENDELSON, P.C.
18565 Jamboree Road, Suite 800
Irvine, California  92612
Telephone:  949.705.3000
Fax No.:      949.724.1201

Alec S. DiMario, Bar No. 309811
adimario@littler.com
LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, California  95113.2431
Telephone:  408.998.4150
Fax No.:      408.288.5686

Attorneys for Defendant
ALLIED WASTE SERVICES OF NORTH AMERICA, LLC
erroneously named as REPUBLIC SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN MCCAFFREY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>REPUBLIC SERVICES, INC., a Delaware Corporation; and DOES 1-10, inclusive,<br><br>Defendant. | Case No. 23-6224<br><br>Monterey County Superior Court Case No. 23cv003238<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT ALLIED WASTE SERVICES OF NORTH AMERICA, LLC ERRONEOUSLY NAMED AS REPUBLIC SERVICES, INC.**<br><br>[28 U.S.C. §§ 1332, 1441, 1446]<br><br>Complaint Filed:      October 5, 2023 |

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA
95113.2431
408.998.4150

DEF.'S NOTICE OF REMOVAL
CASE NO.

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Allied Waste Services of North America, LLC, erroneously named as Republic Services, Inc. ("Defendant") hereby removes the above-captioned action from the Superior Court of the State of California, County of Monterey, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446.

**I.      STATEMENT OF JURISDICTION**

1.      The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.  This action may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441 because complete diversity exists among the parties, and the amount in controversy exceeds $75,000.

**II.     PLEADINGS AND PROCESS**

2.      On October 5, 2023, Plaintiff Stephen McCaffrey ("Plaintiff") filed a Complaint for Damages ("Complaint") against Republic Services, Inc. and Does 1–25 in Monterey County Superior Court, fashioned, *STEPHEN MCCAFFREY, Plaintiff, v. REPUBLIC SERVICES, INC., a Delaware Corporation; and DOES 1–10, inclusive, Defendant*, Case No. 23CV003238 (the "State Court Action"). Defendant Allied Waste Services of North America, LLC, is erroneously named as Republic Services, Inc. in the Complaint.

3.      The Complaint purports to assert the following five causes of action: (1) FEHA Age Discrimination; (2) FEHA Harassment (Age); (3) FEHA Retaliation for Reporting Harassment; (4) FEHA Failure to Prevent Discrimination, Harassment, and Retaliation; and (5) Retaliation in Violation of Labor Code § 1102.5(b).

4.      On November 1, 2023, Plaintiff served Defendant with the following documents: Summons, Complaint, Civil Case Cover Sheet, and Notice of Assignment and Case Management Conference. True and correct copies of these documents are

LITTLER MENDELSON,
P.C.
50 W. San Fernando
7th Floor
San Jose, CA
95113.2431
408.998.4150

2

DEF.'S NOTICE OF REMOVAL
CASE NO.

attached as **Exhibit A** to the Declaration of Alec S. DiMario in Support of Removal filed herewith.

6.     Pursuant to 28 U.S.C. § 1446(d), and to the best of Defendant's knowledge, the Exhibit A to the Declaration of Alec S. DiMario constitutes all process and pleadings filed and served in the State Court Action. To Defendant's knowledge, no other process, pleadings, or orders related to this case have been filed or served by any party in the State Court Action.

## III.   TIMELINESS OF REMOVAL

7.     This Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b) and Rule 6(a)(1) of the Federal Rules of Civil Procedure. "Section 1446(b)(1) and (b)(3) specify that a defendant must remove a case within thirty days of receiving from the plaintiff either an initial pleading or some other document, if that pleading or document shows the case is removable." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1123 (9th Cir. 2013); *see Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (noting that the 30-day removal period runs from the service of the summons and complaint). Here, Defendant was served on November 1, 2023, which means the 30-day deadline for removal is December 1, 2023, the date on which this Notice of Removal was filed.

## IV.   DIVERSITY JURISDICTION

8.     This Court has subject matter jurisdiction of the State Court Action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). Pursuant to 28 U.S.C. §§ 1441(a) and (b), the State Court Action may be removed to this Court by Defendant because it is a civil action in which Defendant is not a citizen of the state in which such action is brought, and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

### A.     The Amount in Controversy Exceeds $75,000.

9.     The amount in controversy for Plaintiff exceeds $75,000, exclusive of interest and costs. The amount in controversy is determined from the allegations or

LITTLER MENDELSON,
P.C.
50 W. San Fernando
7th Floor
San Jose, CA
95113.2431
408.998.4150

3

DEF.'S NOTICE OF REMOVAL
CASE NO.

prayer of the complaint. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1983). In measuring the amount in controversy, a court must assume the allegations of the complaint are true and that a jury will return a verdict in favor of the plaintiff on all claims asserted in his complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002); *Castro v. ABM Indus., Inc.*, No. 17-CV-3026-YGR, 2017 WL 4682816, at *3 (N.D. Cal. Oct. 19, 2017) (citing *Kenneth Rothschild*). The ultimate inquiry is what amount is put "in controversy" by the complaint, not what is actually owed if a plaintiff prevails. *See Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005) ("It's not a question as to what you would owe. It's a question as to what is in controversy."). Although Defendant denies the validity and merit of Plaintiff's claims and underlying allegations, and further denies that Plaintiff is entitled to any relief, it can reasonably ascertain from the Complaint and the Prayer for Relief that the amount in controversy by Plaintiff far exceeds the $75,000 jurisdictional minimum, exclusive of interest and costs. *See generally* Pl.'s Compl. (attached as Exhibit A to the Declaration of Alec S. DiMario filed concurrently herewith).

10.     On the face of Plaintiff's Complaint, Plaintiff claims at least **$25,000** of economic loss and non-economic loss in controversy through its allegations, Pl.'s Compl. ₽ 5, Plaintiff's additional relief sough satisfies the jurisdictional minimum in controversy for removal under 28 U.S.C. § 1332(a).

11.     The Complaint and Prayer for Relief seek relief in the form of actual, consequential, and incidental financial losses, including but not limited to loss of earnings, employment benefits, and medical expenses; compensatory, general, and special damages; punitive damages; and attorneys' fees. Pl.'s Compl., Prayer ¶¶ 1–4.

12.     Compensatory damages are considered when determining the amount in controversy. *Bell v. Preferred Life Assur. Soc'y of Ala.*, 320 U.S. 238, 240 (1943). Here, Plaintiff alleges that he was terminated from his employment on or about June 30, 2023. Pl.'s Compl. ₽ 9. As of that date, Plaintiff earned a salary of $151,594.78, per year,

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA
95113.2431
408.998.4150

4

DEF.'S NOTICE OF REMOVAL
CASE NO.

paid in weekly increments of $2,915.29. DeMario Decl. ¶ 3, Exhibit B. Although Defendant denies that Plaintiff is entitled to recover any such damages, assuming that Plaintiff would have continued to work through present, back pay to date based on a full-time schedule would be calculated at approximately $64,136.38 ($2,915.29 per week x 22 weeks).

13. In addition, Plaintiff seeks future economic damages, or front pay, as a result of the alleged wrongs by Defendant. Front pay awards in California frequently span a number of years. *See Smith v. Brown-Forma Distillers Corp.*, 196 Cal.App.3d503, 518 (1989) (front pay until mandatory retirement age reached); *Rabago-Alvarez v.Dart Indus., Inc.*, 55 Cal.App.3d 91, 97-98 (1976) (four years). Even conservatively estimating that Plaintiff seeks front pay benefits for only one year, the amount of future income in controversy in this case would equal an additional $151,594.78.

14. Based upon the pleadings, it does not appear to a "legal certainty that the claim is really for less than" the amount in controversy minimum. *Spielman v. Genzyme Corp.*, 251 F.3d 1, 5 (1st Cir. 2001) (*quoting St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)). Thus, Defendant has carried its burden of demonstrating by a preponderance of the evidence that the amount in controversy in this matter clearly exceeds the jurisdictional minimum of $75,000.

**B.    Complete Diversity of Citizenship Exists Between Plaintiff and Defendant.**

15. Plaintiff is a citizen of California. For diversity purposes, a person is a "citizen" of the state in which she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place she resides with the intention to remain, or to which she intends to return. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff alleges that he is an individual residing in the state of California in the County of Monterey and he is therefore a citizen of California. Pl.'s Compl. ¶ 1; *see Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986)

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA
95113.2431
408.998.4150

DEF.'S NOTICE OF REMOVAL
CASE NO.

(residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *Smith v. Simmons*, 1:05-CV-01187-OWW-GSA, 2008 WL 744709, at *7 (E.D. Cal. March 18, 2008) (place of residence provides *prima facie* case of domicile). Thus, Plaintiff is a citizen of California for diversity jurisdiction purposes.

16.     Defendant is not a citizen of California.  "[T]he citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members." *Johnson v. Columbia Properties Anchorage, LP*, 437 F3d 894, 899 (9th Cir. 2006). Allied Waste Services of North America, LLC (erroneously named as Republic Services, Inc.) is not a citizen of California as it is organized under the laws of the state of Delaware, and its sole member is Browning-Ferris Industries, LLC, organized under the laws of Delaware.  Declaration of Lauren McKeon, ¶3.)  Browning-Ferris Industries, LLC's sole member is Allied Waste North America, LLC, organized under the laws of Delaware; its sole member is Allied Waste Industries, LLC; organized under the laws of Delaware.  (*Id.*)  Allied Waste Industries, LLC sole member is Republic Services, Inc. (*Id.*)

17.     A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. . . ." 28 U.S.C. § 1332(c)(1).

18.     The Supreme Court has established the proper test for determining the principal place of business of a corporation for purposes of diversity jurisdiction. *See Hertz Corp. v. Friend*, 559 U.S. 77, 78, 79 (2010). The Court held that the "'principal place of business' [as contained in section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id*. at 92–93. The Court further clarified that the principal place of business was the place where the corporation "maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." *Id*. at 78. A company's "'principal place of business' refers to the corporation's "nerve center," *id*., which is normally where the corporation maintains its headquarters, i*d*. at 93. Republic

LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, CA
95113.2431
408.998.4150

DEF.'S NOTICE OF REMOVAL
CASE NO.

Services, Inc.'s principal place of business is in Phoenix, Arizona, where its corporate officers and global headquarters that house their primary executive, administrative, and operational functions are located. Warne-lake Decl. ℙ 4. Thus, for the foregoing reasons, at all relevant times, Defendant has been a citizen of the states of Delaware and Arizona. At all relevant times, Defendant has not had its principal place of business in the state of California. *See id*.

19.     The Complaint names Does 1 through 10 as defendants. Pl.'s Compl. ¶ 3. For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b).

20.     Based on the above, complete diversity of citizenship exists because Plaintiff is a citizen of the state of California, and Defendant is a citizen of the states of Georgia and Arizona.

## V.     VENUE

21.     The Superior Court of the State of California, County of Monterey, is located within the territory of the United States District Court for the Northern District of California. 28 U.S.C. § 84(b). Venue is proper in this Court because it is the district and division embracing the place where the State Court Action is pending at the time of removal. *See* 28 U.S.C. §§ 1391, 1441(a), and 1446(a).

## VI.     NOTICE TO STATE COURT AND ADVERSE PARTY

22.     In accordance with 28 U.S.C. § 1446(d), a copy of this Notice is being served upon counsel for Plaintiff, and a notice will be filed with the Clerk of Monterey County Superior Court. Notice of Compliance shall be filed promptly afterwards with this Court.

## VII.     CONCLUSION AND REQUESTED RELIEF

23.     In the event this Court has questions or requires further comment regarding the propriety of this Notice of Removal, Defendant respectfully requests that this Court issue an Order to Show Cause so that Defendant may have an opportunity to supplement a more detailed brief outlining the basis for this Removal.

LITTLER MENDELSON,
P.C.
50 W. San Fernando
7th Floor
San Jose, CA
95113.2431
408.998.4150

7                                    DEF.'S NOTICE OF REMOVAL
                                           CASE NO.

**WHEREFORE**, Defendant removes the above-captioned action to the United States District Court for the Northern District of California.

Dated:      December 1, 2023

LITTLER MENDELSON, P.C.


/s/ Alec S. DiMario
Heather M. Vigil
Alec S. DiMario

Attorneys for Defendant
ALLIED WASTE SERVICES OF
NORTH AMERICA, LLC erroneously
named as REPUBLIC SERVICES, INC.

LITTLER MENDELSON,
P.C.
50 W. San Fernando
7th Floor
San Jose, CA
95113.2431
408.998.4150

8

DEF.'S NOTICE OF REMOVAL
CASE NO.